IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

02 FEB 14 AM 11:14

| | |
|---|---|
| FRUEHAUF TRAILER SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> I.C.T.S., INC., ) <br> ) <br> Defendant. ) | Case No. CV-00-TMP-2463-NE |

ENTERED
FEB 14 2002

MEMORANDUM OPINION

By Order entered December 3, 2001, the court granted summary judgment on liability in favor of plaintiff, but ordered a hearing on the damages claimed. That hearing was conducted on January 10, 2002, at which counsel for plaintiff appeared, but no one appeared for defendant. Based on the affidavits and evidence offered by plaintiff at that hearing, as well as supplemental affidavits submitted thereafter, the court finds that plaintiff is entitled to judgment in the amount of $72,125.40, plus attorneys' fees in the amount of $10,927.15, as a cost of collection.

Plaintiff seeks three distinct forms of damages: past-due rental for the trailers leased by defendant, the costs incurred to repair certain trailers damaged while in defendant's possession, and the transportation costs incurred retrieving the trailers from defendant. At the outset, the court notes that the lease agreements underlying all of plaintiff's claim expressly call for the application of Indiana law. The "Choice of Law and Venue" clause of the leases reads, in part, "This Lease shall be governed by the Laws of the State of

27

Indiana, without regard to the laws concerning choice of laws...." Because suit was filed in Alabama, the Alabama choice of laws rules apply to the initial analysis of what law governs. Alabama follows the rule that the law of forum where the contract was formed applies, unless the parties expressly agree otherwise. Here, of course, the parties have expressly agreed that Indiana law applies; thus, applying the Alabama choice of laws rule results in the application of the law agreed by the parties, that of Indiana.

On the claim for past-due rentals, plaintiff's evidence sufficiently establishes that defendant owes the total of $41,064.86 in past-due, invoiced rental, plus $3,298.84 in "late fees." Although there is no express contract provision for "late fees" as such, the leases do provide for the accrual of interest at the rate of 18% per annum, beginning thirty (30) days after the date of invoice, and it appears that the $3,298.84 "late fee" actually is interest that has accrued against the outstanding balance of each invoice through the date of October 31, 2000. Since that date, an additional 15 months' of interest has accrued in the amount of $9,558.55.[1] Therefore, the total past-due rental, plus interest at 18% per year since the defaults on each invoice, totals $53,922.25.

Plaintiff also seeks damages for repairs to trailers it was required to make when they were retrieved from defendant's possession. These repairs are reported to have cost $13,803.15 and which was incurred on or before August 1, 2000. Although a provision of

---

[1] Eighteen percent per annum simple interest on a principal amount of $41,064.86 results in interest accruing at the rate of $20.25 per day. Since October 31, 2000, the court counts 472 additional days of interest as having accrued, for a total since then of $9,558.55.

2

each lease calls for the lessee to be responsible for the cost of such repairs, there is no apparent provision for the accrual of interest on such costs. Indiana law, however, authorizes a court to award prejudgment interest at a rate of between 6% and 10% per annum. See Indiana Code §§ 34-51-4-7 and -9. Here, the plaintiff has not petitioned the court for prejudgment interest calculated against the repair costs; therefore, the court declines to do so.

In addition to costs incurred to repair damaged trailers, plaintiff also incurred $4,400 in transportation costs to move the trailers from defendant's location to plaintiff's facility. The lease agreement expressly called for the lessee to return the leased trailers to the location from which they were picked-up at the beginning of the lease term. Because that was not done here, plaintiff incurred expenses in locating the transporting the trailers back to its holding facility. Again, plaintiff has not petitioned the court for an award of prejudgment interest on these expenses, and, therefore, no prejudgment interest will be awarded.

The total judgment to be entered in favor of plaintiff is $72,125.40. Further, because the leases provide that the lessee shall be liable for the "costs of collection," plaintiff also is entitled to its attorneys fees in the amount of $10,927.15. A separate judgment will be entered in favor of plaintiff and against defendant in the amount of $83,052.55, plus the costs of this action.

The Clerk is DIRECTED to forward a copy of this Memorandum Opinion and the judgment to all counsel of record and to the defendant at it last known address.

DONE this the 13th day of February, 2002.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE

4